IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Cisco Systems Capital Corporation,<br><br>          Plaintiff<br><br>     v.<br><br>Global Hotel Management, Inc.; Luis A.<br>Carreras Pérez,<br><br>          Defendants | Civil No. 10-1021 (JP)<br><br><br>Re:  Breach of Contract and Guaranty |

**<u>Motion for Attachment of Real Property and Garnishment</u>**

To the Honorable Court:

Plaintiff Cisco Systems Capital Corporation requests that the court, under Fed.R.Civ.P. 64 and P.R.R.Civ.P.56.1, issue writs to attach real property of Defendants and writs to garnish funds owed by nonparties to Defendants.

**I. Introduction**

This is a straightforward collection matter based on a duly executed and binding Promissory Note and an absolute and unconditional Guaranty. On or around June 4, 2009, Cisco and Global Hotel Management, Inc. entered into a loan transaction documented by Promissory Note LT001 to finance Global's purchase of equipment, software or services. <u>Exhibit 1</u>. Under the Promissory Note, Global agreed to pay Cisco the principal sum of $414,869.50, plus interest accrued at 7.65% per annum, in forty-eight substantially equal and consecutive monthly installments. On June 4, 2009, Defendant Luis A. Carreras Pérez executed a Guaranty to and for the benefit of Cisco, under which he irrevocably, absolutely, unconditionally and jointly and severally (*solidariamente*), without offset or deduction, guaranteed payment and performance by Global under the Promissory Note, including but not limited to any liability arising under

the Promissory Note. <u>Exhibit 2</u>.

Under the Promissory Note and the Guaranty, Cisco is entitled to accelerate and collect from Global and Carreras Pérez the entire amount of unpaid principal plus interest, accrued at 18% per annum or the maximum rate permitted by applicable law, if Global incurs in an "Event of Default," as defined by the Promissory Note. Global has failed to execute its payment obligations during the months of October, November and December 2009, and January, February and March 2010. These failures constitute events of default under the Promissory Note. Cisco is thus entitled to collect from Global and Carreras Pérez the joint and several (*solidario*) payment of $406,415.40 of unpaid principal and interest as of March 16, 2010, an amount that increases $82.91 daily.

Despite multiple communications and extra-judicial demands by Cisco to Global and Carreras Pérez to pay the amounts that became due under the Promissory Note and Guaranty on October, November and December 2009, Global and Carreras Pérez have continued to breach their payment obligations by not paying the amounts owing. <u>Exhibit 3</u>. Cisco, therefore, moves to guarantee the judgment it seeks through an attachment of Defendants' real property and a garnishment of the monies that nonparties owe them.

**II. Argument**

The pre-judgment relief sought is governed by Fed.R.Civ.P. 64, which states in pertinent part: "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). Therefore, before granting such relief, the court should look to Puerto Rico law to determine if the relief sought is proper and the procedural requirements are met.

P.R.R.Civ.P.56.1 states in pertinent part: "[i]n every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment." That is, Rule 56 "confers upon the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of the judgments." HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 914 (1st Cir. 1988) (citation omitted). "This flexibility, so necessary for the administration of justice, is the greatest virtue of Rule 56, virtue which we should promote and preserve instead of mystifying it with technical concepts and requirements[.]" Id. (citation omitted).

Rule 56 does not contain limitations, expressed or implied, as to the type of action in which the provisional remedy may be ordered or the requirements needed to issue the measure. However, the First Circuit has established that in order for a provisional remedy to issue, the measure must be "reasonable and adequate to the essential purpose of the same, which is to guarantee the effectiveness of the judgment that in due time may be rendered." Id. Also, in order to secure a pre-judgment provisional remedy, Plaintiff must demonstrate its probability of prevailing on the merits. Robinson v. Ledesma, 2008 WL 4965173, at *7 n. 4 (D.P.R. 2008) (Not Reported) (citation omitted); Perfumania, Inc. v. Perfulandia, Inc., 2004 WL 1753249, at *2 (D.P.R. 2004) (Not Reported), citing, Rivera-Rodríguez & Co. v. Stowell-Taylor, 133 D.P.R. 881, 897 (P.R. 1993). Other jurisdictions have also established similar requirements for the issuance of provisional remedies. For example, under Massachusetts law, Plaintiff must demonstrate a reasonable likelihood of success on the merits. Latorraca v. Centennial Technologies, Inc., 583 F. Supp.2d 208,

211 (D. Mass. 2008). Likewise, under New Hampshire law, pre-judgment provisional remedies have to be supported by a strong preliminary showing of probable success. Beane v. Beane, 2007 WL 3051255, *3 (D.N.H. 2007) (Not Reported).

In sum, under Fed.R.Civ.P.64 and P.R.R.Civ.P.56, the requirements needed to issue provisional remedies are: (1) that the measure will guarantee the effectiveness of the judgment; and (2) the probability of prevailing on the merits. A showing of irreparable harm is only needed under Fed.R.Civ.P. 64 when the relief sought directs or restrains the conduct of one of the parties. Thus, in Teradyne, Inc. v. Mostek Corp., the district court entered an order enjoining Defendant from disposing of $4,000,000 worth of assets and requiring it to set that amount aside in an interest-bearing account to ensure satisfaction of any future judgment or arbitration award that might eventuate in an ongoing dispute between the parties. 797 F.2d 43 (1st Cir. 1986). The court held that such an order should be treated as an injunction because it contemplated compelling a party to act and/or refrain from acting; the District Court and the parties treated the requested relief as a preliminary injunction; and the Court concluded that tying up a large chunk of funds pending the uncertain outcome of arbitration was a "significant constraint." Id.; see also Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151 (1st Cir. 2004).

That is not the case here. Cisco's request is proper under the more recent case of Micro Signal Research, Inc. v. Otus and Cunningham, in which the First Circuit determined that an attachment of Defendants' real property and a trustee process attachment of funds held by them at a bank were not, in substance, preliminary injunctions because the orders did not compel defendants to do or refrain from doing anything. 417 F.3d 28, 33 (1st Cir. 2005). Similarly, here, Cisco is not moving the court to

restrain or direct the conduct of Defendants. Rather, it wants to secure the monies legally owed to it under the binding Promissory Note and Guaranty, by garnishment and attachment of Defendants' real property. The garnishment would be directed to nonparties ordering them to deposit in court monies they owe Defendants, and the attachment would constitute a lien over Defendants' real property. Neither, therefore, would restrain or direct the conduct of Defendants, exempting Cisco from complying with the irreparable harm requirement of Fed.R.Civ.P. 65. See Westinghouse Power Generation v. Sabah Shipyard SDN. BHD., 181 F.3d 97, 1999 WL 346968, *3 (5th Cir. 1999) (Per Curiam) (holding that a garnishment is not an injunction), citing at n. 3, Orange City v. Hong Kong & Shanghai Banking Corp., 52 F.3d 821, 825-27 (9th Cir. 1995) (noting that several courts and treatises have refused to construe attachments as injunctions).

The attachment and garnishment, if granted, would guarantee the effectiveness of the judgment because they would allow Cisco to recover monies that it otherwise has not been paid by Defendants since Global defaulted on its obligations five months ago. And Cisco has a strong probability of prevailing on the merits given the clear and unambiguous language of the binding Promissory Note and the Guaranty that allows Cisco to recover from any of the Defendants the total principal and interest in an event of default, an event that has consistently transpired since October 2009 when Global ceased complying with its payment obligations.

### III. Prayer for Relief

For the foregoing reasons, Cisco requests that, upon the notice that Defendants are receiving with the filing of this motion and a prompt hearing scheduled at the court's

convenience,[1] the court issue writs of attachment of real property of Defendants and writs of garnishment to deposit in court funds owed by nonparties to Defendants up to the amount of $406,415.40 as of March 16, 2010 and increasing $82.91 daily.

RESPECTFULLY SUBMITTED.

I certify that today I filed this document with the Clerk of the Court using the CM/ECF system, which shall automatically send copy of this document to Richard Schell, Esq.

In San Juan, Puerto Rico, on March 17, 2010.

**Casellas Alcover & Burgos, P.S.C.**
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel. 787-756-1400
Fax. 787-756-1401
mpietrantoni@cabprlaw.com

/s/ Manuel A. Pietrantoni
Manuel A. Pietrantoni
USDC-PR No. 219805

---

[1] Cisco is excused from submitting a bond because the Promissory Note and Guaranty were signed before a person authorized to administer oaths and the documents evince that Defendants' obligations are legally binding. P.R.R.Civ.P. 56.3; Exhibits 1 and 2.