IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Cisco Systems Capital Corporation,<br><br>　　Plaintiff/Counter-Defendant<br><br>　　v.<br><br>Global Hotel Management, Inc.; Luis A. Carreras Pérez,<br><br>　　Defendants/Counterclaimants/Third Party Plaintiffs<br><br>　　v.<br><br>Cisco Systems, Inc.; Voicelan Group Corp.; et al.<br><br>　　Third Party Defendants | Civil No. 10-1021 (JP) |

## **Writ of Attachment**

To Puerto Rico Registrar of Property:

　　The Honorable Jaime Pieras, Jr., United States Senior District Judge, has issued an Order in this case, Docket 19, dated April 28, 2010, which reads literally as follows:

OPINION AND ORDER

　　The Court has before it Plaintiff Cisco Systems Capital Corporation's ("Cisco") motion for a writ of attachment and writ of garnishment (No. 9), Defendants Global Hotel Management, Inc. ("Global") and Luis Carreras-Pérez's ("Carreras") opposition thereto (No. 15), and Plaintiff's reply (No. 18). For the reasons stated herein, Plaintiff's motion is hereby GRANTED.

　　By way of background, Plaintiff filed the instant complaint alleging breach of payment obligations under a duly executed and binding promissory note, and an absolute and unconditional guaranty. Plaintiff alleges that under the promissory note Global agreed to pay Cisco the principal sum of $414,869.50 plus interest accrued at 7.65% per annum in forty—eight consecutive monthly installments. Defendant Carreras then executed a guaranty for the benefit of Cisco in which he unconditionally guaranteed payment and performance by Global under the promissory note. Plaintiff Cisco argues that pursuant to the promissory note and guaranty it is entitled collect from Global and

Carreras the entire amount of unpaid principal plus interest, accrued at 18% per annum or the maximum rate permitted by law if Global defaults on the promissory note. Also, Plaintiff argues that Global has defaulted on its obligations when it failed to make payments in October, November, and December 2009, and in January, February and March 2010. As such, Plaintiff brought the instant action alleging that it is entitled to $406,415.40 of unpaid principal and interest as of March 16, 2010. Said amount is also allegedly increasing at a rate of $82.91 per day.

In the instant motion, Cisco moves to guarantee the Judgment it seeks through an attachment of Defendants' real property and a garnishment of the money that non parties owe Defendants.

A federal district court has the authority to issue orders providing for seizure of property for the purpose of securing satisfaction of the Judgment ultimately to be entered in the action. Fed. R. Civ. P. 64. Rule 64 provides that such provisional remedies are available under the circumstances and in the manner provided by the law of the state in which the district court sits. Id. Rule 56 of the Puerto Rico Rules of Civil Procedure provides that upon a motion by the claimant a "court may issue any provisional order it may deem necessary to secure satisfaction of the judgment." P.R. Laws Ann. tit. 32, App. III R. 56.1. The Supreme Court of Puerto Rico has construed Rule 56 expansively, stating "Rule 56 of the Rules of Civil Procedure confers upon the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of the judgments." HMG Prop. Investors, Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 913—14 (1st Cir. 1988) (quoting F.D. Rich Co. v. Super. Ct., P.R.R. 155, 173 (1970)).

An attachment order may not be entered without notice to the adverse party and a pre—attachment hearing, unless the claimant demonstrates (1) a previous proprietary interest in the object to be attached, (2) the existence of extraordinary circumstances, or (3) the probability of prevailing on the merits through the use of authentic documentary evidence which shows there is a debt liquid, due, and payable. See P.R. Laws Ann. tit. 32, App. III R. 56.2 (1979); see Rivera—Rodríguez v. Stowell, 133 D.P.R. 881, 896—97 (1993).

In support of its motion, Plaintiff submits the promissory note between Plaintiff and Defendant Global, the guaranty signed by Defendant Carreras, and the documents detailing the attempts by Plaintiff to collect the amounts owed by Defendants.

Defendants argue that the Court should deny Plaintiff's request because there is no contractual obligation toward Plaintiff when Plaintiff and Third-Party Defendants Cisco Systems, Inc., and Voicelan Group Corp., failed to comply with their obligation to Defendants to timely deliver the goods purchased by Defendants. Also, Defendants argue that writs should not be granted because Defendants will suffer from undue burden. Specifically, Defendants argue that requiring non parties to deposit money owed to Defendants and placing a lien on Defendants' property has the effect of restraining Defendants' conduct and its ability to conduct business.

After considering the arguments, the Court determines that a writ of attachment and a writ of garnishment are appropriate. In the instant case, no notice or pre—attachment hearing is owed to Defendants because Plaintiff has shown that it is likely to prevail on the merits through the use of authentic documentary evidence which shows there is a debt liquid, due, and payable. The Court notes that the promissory note and guaranty clearly lay out the payment obligations of Defendants and the consequences of a default. Also, the Court finds that Plaintiff is likely to show that Defendants breached their payment obligations and are therefore in default.

The argument by Defendants that Plaintiff and Third-Party Defendants failed to comply with their obligation to Defendants to timely deliver the goods purchased by Defendants is unconvincing at this point. From the arguments and pleadings, it appears that if any party failed to comply with their obligations toward Defendants it was Third-Party Defendants and not Plaintiff. As such, the Court finds that Plaintiff is likely to succeed on the merits.

Furthermore, the Court finds that Defendants will not suffer an undue harm from the granting of the provisional remedies. The provisional remedies will not restrain or direct the conduct of Defendants. The garnishment would be directed at non parties who would deposit with the Court money owed to Defendants and the attachment would constitute a lien over Defendants' real property. The Court finds that Defendants' argument that the provisional remedies would affect their ability to do business is unavailing. Defendants have failed to even explain how said provisional remedies would affect its business. Instead, Defendants merely conclude that the provisional remedies would hurt its business. Based on the arguments introduced by the parties, the Court finds that Defendants will not suffer undue burden from the granting of the provisional remedies requested.

Lastly, the Court agrees with Plaintiff that the provisional remedies requested here are a reasonable method of guaranteeing the effectiveness of a potential judgment. Accordingly, the Court GRANTS the motion for the provisional remedies.[1]

Thus, the Court hereby:

ORDERS that the Clerk of the Court issue a Writ of Attachment on Defendants' real property and a Writ of Garnishment to deposit with the Court the funds owed by non parties to Defendants, in the amount of $406,415.40 as of March 16, 2010, and increasing by $82.91 daily.

---

[1] Also, Plaintiff is excused in the instant case from submitting a bond because the promissory note and guaranty were signed before a person authorized to administer oaths and the documents evidence that Defendants' obligations are legally binding. P.R. Laws Ann. tit. 32, App. III R. 56.3.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of April, 2010.

                                                s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                                U.S. SENIOR DISTRICT JUDGE

WHEREFORE, you, as a Puerto Rico Registrar of Property, are hereby ordered to proceed by virtue of this Writ of Attachment and in compliance with the Order copied above, to attach the real property of Global Hotel Management, Inc. and/or Luis A. Carreras Pérez in order to secure the effectiveness of the judgment that may be entered against any or both of them in this case.

In San Juan, Puerto Rico, this 8th day of June, 2010.

                                                FRANCES RIOS DE MORAN, Clerk
                                                United States District Court
                                                for the District of Puerto Rico

                                                Luisa L. Ocasio
                                                Deputy Clerk