IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CISCO SYSTEMS CAPITAL CORPORATION,<br><br>    Plaintiff/Counter-Defendant<br><br>             v.<br><br>GLOBAL HOTEL MANAGEMENT, INC. and<br>LUIS A. CARRERAS-PÉREZ,<br><br> Defendants/Third-Party Plaintiffs<br>      and Counter-Claimants<br><br>             v.<br><br>CISCO SYSTEMS, INC. and VOICELAN<br>GROUP CORPORATION,<br><br>    Third-Party Defendants | CIVIL NO. 10-1021 (JP) |

### OPINION AND ORDER

Before the Court is Plaintiff/Counter-Defendant Cisco Systems Capital Corporation's ("CSCC") motion to dismiss (**No. 20**) Defendants/Counter-claimants Global Hotel Management, Inc. ("Global"), and Luis Carreras-Pérez's ("Carreras") counterclaim. Also before the Court are Defendants/Counter-claimants' opposition thereto (No. 22) and Plaintiff/Counter-Defendant's reply (No. 27). For the reasons stated herein, CSCC's motion is hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

On January 14, 2010, Plaintiff filed a complaint (No. 1) against Defendants alleging that they defaulted on their payment obligations under a promissory note and guaranty.  In their answer (No. 13),

CIVIL NO. 10-1021 (JP)        -2-

Defendants brought a counterclaim against Plaintiff. Also, Defendant brought a third party complaint against Third Party Defendants Cisco Systems, Inc. ("Cisco Systems"), and Voicelan Group Corporation ("Voicelan").

In its counterclaim, Defendants allege that, on or about February 2008, Pedro Santiago ("Santiago"), President of Voicelan,[1] approached Global on behalf of Cisco Systems with a solution for implementing, in the San Juan Hotel, digital "voice over IP telephony systems" which had a specialized hospitality module supporting all hotel operations. Global met on numerous occasions with Santiago and Ricardo Batista ("Batista"), Territory Market Manager for Cisco Systems, to discuss alternative solutions and prepare a proposal with all the required hardware and software for implementing an Integrated Hospitality Communications System.

As part of the solutions package, Batista indicated that Third Party Defendant Cisco Systems, through Third Party Defendant Voicelan, would be able to offer the necessary financing services. Voicelan and Cisco Systems represented and warranted to Global that the Integrated Hospitality Communications System would result in a profit for Global.

On or about September 2008, Voicelan prepared and presented to Global a final proposal in the amount of $414,869.50. Said proposal

---

1. Voicelan is a Cisco Systems Premier Certified Partner.

CIVIL NO. 10-1021 (JP)          -3-

included all the necessary computer equipment and programming by Cisco Systems to support the hospitality operations. Voicelan then submitted said proposal to Cisco Systems for financing of the project. From September 2008 through May 2009, Global was contacted by Santiago, Batista, Humberto Peyra, General Manager for Cisco Systems in the Caribbean, and others representing Cisco Systems in order to request the information necessary for the financing of the project. Global also received during said period various drafts of documents to be executed for the proposed financing of the project.

Defendant Carreras, on behalf of Cisco Systems, received the final version of the financing documents for the Integrated Hospitality Communications System on June 8, 2009. Among the documents were a promissory note, a notice of borrowing, and a personal guaranty to be executed by Defendant Global and/or Defendant Carreras. Said documents were executed on or about June 18, 2009 by Defendant Carreras, on behalf of himself and Global, and, at the request of Batista and Santiago, sent to Voicelan which would deliver them to Plaintiff CSCC.

Subsequently, Defendant Carreras received from Ana María Castillo ("Castillo"), employee of CSCC, a repayment schedule and a copy of a Voicelan invoice detailing the equipment to be acquired by Global from Third Party Defendants Voicelan and Cisco Systems. Said communications requested two payments from Defendants: (1) an initial payment of $9,996.79; and (2) a second payment of $9,996.79.

CIVIL NO. 10-1021 (JP)            -4-

Defendants made the payments to Plaintiff on June 29, 2009 and on August 5, 2009.  After Castillo confirmed the receipt of the first payment on June 30, 2009, Plaintiff proceeded to disburse to Third Party Defendant Voicelan the approved financed amount of $414,869.50 to install and implement the Integrated Hospitality Communications System.

From July 2009 to October 2009, Voicelan initiated the installation of the system.  By November 2009, the system had been partially delivered and installed.  Global had only received 63 percent of the hardware, software and services owed.  None of the equipment and software required to support the hospitality operations had been delivered or was in service.  Without the hospitality functionality, none of the required guest and staff services needed by the hotel were provided by the system, and Global's ability to generate the necessary revenues was impeded.

Defendants have attempted to contact Santiago, employee of Voicelan, to request that Third Party Defendant Voicelan and/or Third Party Defendant Cisco Systems complete the installation of the Integrated Hospitality Communications Solutions.  No response has been received from anyone at Voicelan or Cisco Systems.  As of the filing of the counterclaim, Third Party Defendants have not completed the project.

CIVIL NO. 10-1021 (JP)          -5-

## II. **LEGAL STANDARD FOR A MOTION татаTO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.

The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Plaintiff moves for the Court to dismiss Defendants' counterclaim. Specifically, Plaintiff argues that Defendants' counterclaim has failed to state a cause of action because Defendants allegations only claim wrongdoing on the part of Third Party Defendants. Plaintiff also argues that the counterclaim goes as far

CIVIL NO. 10-1021 (JP)        -6-

as to even admit that Plaintiff complied with its obligations. Defendants oppose the motion. The Court will now consider the parties' arguments.

### A.   Failure to State a Cause of Action

In the instant case, Defendants argue that they stated a cause of action because: (1) they alleged sufficient facts to support their breach of contract, culpable conduct, negligence, and bad faith claims; (2) they alleged that they were the victims of a fraudulent scheme in which Plaintiff was involved; and (3) Plaintiffs are necessary and indispensable parties to the controversy against Third Party Defendants.

#### 1.   Defendants' Breach of Contract, Culpable Conduct, Negligence and Bad Faith Claims

In its motion, Plaintiff argues that Defendants' counterclaim fails to state a cause of action for their breach of contract, culpable conduct, negligence, and bad faith claims because: (1) the only acts attributed to Plaintiff in Defendants' counterclaim is that Plaintiff financed the transaction between Defendants and Third Party Defendants; and (2) based on the factual allegations, the parties who breached their contract with Defendants were the Third Party Defendants. As such, Plaintiff argues that Defendants' inclusion of Plaintiff as one of the culpable parties while discussing the elements of the causes of action does not meet the pleading standard set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

CIVIL NO. 10-1021 (JP)         -7-

Defendants oppose the motion, arguing that they have stated a cause of action because in their counterclaim they pled that there was a three way agreement between Plaintiff, Defendants and Third Party Defendants.  As a result of said agreement, Defendants argue that they were allowed to rescind the finance agreement with Plaintiff and the purchase agreement with Third Party Defendants when Third Party Defendants breached their contract with Defendants.

After considering the arguments, the Court agrees with Plaintiff. First, the Court notes that Defendants' argument that they pled a three way agreement is unavailing.  The counterclaim is devoid of any allegations that there is a three way agreement between Plaintiff, Defendants, and Third Party Defendants.  The only factual allegations made by Defendants against Plaintiff is that Plaintiff was supposed to finance the transaction between Defendants and Third Party Defendants.  While the Court must accept all well-pled facts as true, the Court will not accept unpled facts. Powers v. Boston Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991).

The Court also determines that Defendants' counterclaim also failed to state a cause of action because the counterclaim does not comply with the pleading standard set out in Twombly.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (internal quotations omitted).

CIVIL NO. 10-1021 (JP)          -8-

Defendants' counterclaim is divided into their factual allegations and their causes of action. When discussing their causes of action based on breach of contract, culpable conduct, negligence and bad faith, Defendants conclude that Plaintiff is liable to Defendants because Plaintiff and Third Party Defendants failed to timely deliver the goods purchased by Defendants.

However, Defendants' factual allegations do not support said conclusion. In their counterclaim, Defendants state that Plaintiff was responsible for financing the transaction between Defendants and Third Party Defendants in which Third Party Defendants had to deliver certain goods and services to Defendants. The allegations of wrongdoing in the counterclaim deal with how Third Party Defendants did not comply with their end of the bargain with Defendants. Plaintiff is not alleged to have engaged in any wrongdoing. In fact, Defendants alleged that Plaintiff complied with its obligation by disbursing the financed sum. As such, Defendants' unsupported conclusions while reciting the elements of the causes of action are not sufficient to raise a plausible cause of action. Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal quotations omitted). Accordingly, the Court

CIVIL NO. 10-1021 (JP)          -9-

determines that Defendants have failed to state a plausible claim against Plaintiff.[2]

### 2.  **Fraud**

The circumstances constituting fraud must be pled with particularity.  Fed. R. Civ. P. 9(b); see also S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).  The allegations of fraud in this case are found in paragraph 18 of the counterclaim, in which Defendants allege that Plaintiff and Third Party Defendants never intended to comply with their obligation, as they only intended to set up a scheme to defraud Defendants.

Said allegation of fraud fails because it is too vague to meet the Rule 9(b) requirement.  Powers, 926 F.2d at 111 (finding that conclusory allegations of fraud which lack specifics are too vague).  No allegation in the counterclaim supports the conclusion that Plaintiff defrauded Defendants.  As set out in the counterclaim, Plaintiff had an obligation to disburse the money for the transaction between Defendants and Third Party Defendants.  It complied with said obligation.  Furthermore, the allegation that Plaintiff was aware that the money it disbursed would be used to finance the agreement between Defendants and Third Party Defendants is not sufficient to

---

2.  In the counterclaim, Defendants presented some allegations that Third Party Defendant Cisco Systems was involved in the process by which Defendant obtained the financing from Plaintiff.  However, even taking said allegations as true, Defendants have failed to state a plausible claim against Plaintiff because, as previously explained, there are no allegations that Plaintiff was involved in the agreement between Defendants and Third Party Defendants.

CIVIL NO. 10-1021 (JP)          -10-

support a finding of fraud.  As such, the Court concludes that Defendants have failed to state with specificity the allegations that Plaintiff defrauded Defendants.  Fed. R. Civ. P. 9(b).

### 3. Indispensible and/or Necessary Party

Defendants also state that Plaintiff is a necessary and indispensable party to the action against Third Party Defendants. The Court will not waste time on this argument.  In their opposition, Defendants merely conclude without providing any explanation as to how Plaintiff is a necessary and indispensable party.  Moreover, Defendants' argument is not supported by any legal authority.  As such, the Court concludes that this last ditch request is unavailing because it is nothing more than an undeveloped argument.  United States v. Pérez-Velázquez, 488 F. Supp. 2d 82, 87 n.6 (D.P.R. 2007) ("Undeveloped arguments not supported by legal authorities are deemed waived and/or abandoned").

## IV. CONCLUSION

Thus, the Court **GRANTS** Plaintiff's motion to dismiss Defendants' counterclaim.  Accordingly, the Court will enter a separate Partial Judgment dismissing the Defendants' counterclaim with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of July, 2010.

                                              s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE